UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FERNANDO MORALES ORTIZ,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center; and<br><br>MARKWAYNE MULLIN Secretary of the U.S. Department of Homeland Security,<br><br>Respondents. | No. 2:26-CV-02190-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Jennifer Kim Lesmez. Respondents are represented by Barbara Andrade.

Petitioner is a native and citizen of Mexico who entered the United States , presumably sometime prior to 2014. Petitioner lived and worked in the United States for several years without any criminal convictions or other issues.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #1**

Nevertheless, on October 12, 2025, Petitioner was detained by immigration officers during a targeted enforcement operation in Kennewick, Washington. He was subsequently transferred to the Northwest ICE Processing Center, in Tacoma, Washington. On November 17, 2025, an immigration judge[1] conducted a bond hearing and found he or she lacked jurisdiction over the matter but concluded in the alternative that Petitioner was a flight risk. The immigration judge subsequently denied bond, conditional release, or any other form of relief from custody.

Concerningly, the immigration judge's order following the bond hearing (the "Order") contains neither factual findings, credibility determinations, nor any legal analysis explaining or elaborating upon any conclusion whatsoever. With regard to this issue, Respondents simply assert that an appeal within the immigration process would provide a complete record for review. Compounding the shortcomings of the Order, the immigration judge also failed to preserve any contemporaneous recording of the bond hearing.

As a preliminary matter, Respondents rest of much of their argument on their contention that detention is mandatory in this posture pursuant to 8 U.S.C. § 1225(b)(2)(A). However, the Ninth Circuit recently affirmed that an alien who is not encountered at the border—such as Petitioner—is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, No.

---

[1] While referred to as a "judge" in the pleadings, the individual in question is actually a "quasi-judicial officer" appointed by the Executive Branch, which is in fact a party to the litigation here. *See, e.g.*, *Romero v. Immigr. & Naturalization Serv.*, 39 F.3d 977, 980 (9th Cir. 1994) (internal citations omitted). It should thus be emphasized that the immigration judge "has no authority to question the constitutionality of a regulation he [or she] is bound to uphold." *Id* (quoting with approval).

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #2**

25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In this regard, Respondents are clearly swimming upstream, as several other Circuits have agreed with the Ninth on this issue. *See, e.g.*, *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).

Furthermore, courts in this District have previously ordered the release of a petitioner when a bond hearing determination was (1) unsupported by the record or (2) reflects an abuse of discretion. *See Escalante Perez v. Hernandez*, No. C26-0956 TSZ, 2026 WL 1004559 (W.D. Wash. Apr. 14, 2026).

The Court thus turns to the issue of whether the Order was unsupported by the record or constituted an abuse of discretion.

With regard to whether the Order was supported by the record, such an analysis is impossible because the immigration judge chose not to preserve a contemporaneous recording of the bond hearing. While the Government contends that there is no statutory requirement for a bond hearing to be recorded, the Court notes that an immigration judge is more than capable of creating such a record.

For example, in a recent similar matter, an immigration judge chose to turn off the recording device upon learning that no federal court had ordered the hearing be recorded:

**IJ**: So, uh, under Judge, let's see [unintelligible] Judge Peterson? Or Peters? Let's see. Gonna try to find the habeas order here.
[Unintelligible asides between the IJ and an unidentified individual.]
Oh, it's, maybe it's not, oh, maybe not.
**Mr. Emhof**: Oh yes, uh, yeah, the, he's, uh, he was lawfully admitted.
**IJ**: Oh, he's a s—yeah, ok, so there's no hab—are there any habeas orders that apply?
**Mr. Emhof**: Um, no, I don't, I don't think so.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #3**

**IJ**: I'm not gonna record the bond then. I just don't, I was confused. I thought this was a habeas bond, so I'm not going to record it. We're off, we're off the record. Or we're adjourned. Well, we're off the record. [End of recording.]

Case No. 2:26-cv-01631-TL at ECF No. 15. Setting aside the immigration judge's so-called confusion in that matter, it is thus clear that the immigration judge in this matter could have created a contemporaneous record but simply chose not to. Given that this immigration judge—like all immigration judges—is in fact in the employ of Respondents, the lack of recording goes far beyond mere oversight: it is a blatantly obvious attempt to deceive any reviewing court into rubberstamping the proceedings below by obscuring what actually occurred—no matter how farcical the hearing may have been in reality—something further emphasized by the immigration judge's less-than barebones Order.

Moreover, Petitioner has remained in the United States for many years, and Respondents have failed to allege any ties to a foreign nation that would create any concern as to petitioner's risk of flight. Finally, Petitioner has no criminal history, has no record of violent behavior, and has never been found to pose a danger to the community, and Respondents do not contest these assertions. Therefore, based on the unsupported findings of the immigration judge, the Petition is **granted**. *See Escalante Perez*, 2026 WL 1004559.

Accordingly, **IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. Petitioner's Motion for Leave to File Declaration, ECF No. 10, is **GRANTED**.

3. **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #4**

4.      Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

5.      At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 4th day of August 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #5**